

200 West Douglas,
Suite 350
Wichita Ks. 67202.
Tel. (316) 264-2023
Fax (316) 264-1919

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|                 Plaintiff,        ) | |
|                                  ) | |
| v.                                                   ) | CASE NO.: 10-10043 |
|                                  ) | |
| Christina Childs,                          ) | |
|                 Defendant.   ) | |
| _____)  | |

MOTION TO CONTINUE MOTIONS HEARING

COMES NOW the defendant, Christina Childs, by and through her attorney, Carl F.A. Maughan, and for a continuance of the Jury trial as to Christina Childs. In support thereof the defendant states as follows:

1. Trial is currently scheduled for June 22, 2010 and the status conference is scheduled for June 14, 2010.

2. Counsel for the defendant is currently engaged in negotiations with the attorney for the United States of America. It is hoped that this matter might be resolved without the need for contested litigation.

3. On May 14, 2010 Counsel received a letter from the U.S. Attorney's office which contained a disk and additional discovery. This supplemental discovery packaged included information regarding the arrest of the defendant and a search of property in

which the defendant asserts a right to privacy.  The information regarding this search had not been provided in previous discovery.  The supplemental discovery package also purported to contain a copy of the application for search warrant conducted at the property discussed above and the application for the search warrant.  However, upon a review of the contents of the disc, the application for search warrant, the search warrant and certain other documents which were purported to be contained on the disc could not be located thereon.   After reviewing the additional discovery and discovering that certain information could not be located on the disc, counsel wrote to the U.S. Attorney's office on May 21, 2010 and advised of the missing documents.

4. Counsel wishes to supplement the motion to suppress or file a second motion seeking the suppression of certain searches, seizures and statements which were revealed in the second set of discovery which counsel received on May 14, 2010. However, filing such a motion before receipt of the Search warrant is not feasible.  A review of this missing discovery will be necessary in order to determine whether a challenge to the search warrant is necessary to preserve the defendant's rights.

4. The court recently granted a motion to continue a suppression hearing. The date on which the suppression hearing was to be heard is to be determined.  Due to a crowded docket, selection of a date on which to hear this motion has proven difficult.

5. The granting of this continuance will help ensure that both parties have the proper opportunity to negotiate and, perhaps obtain, an outcome which is just for the defendant, the United States and society at large.  Proceeding to trial as scheduled would obstruct the ability of the parties to seek a just resolution and would hinder counsel's ability to preserve and protect the defendant's rights with regard to the raising of certain issues of constitutional magnitude. (i.e.  suppression issues).  As such, the interests in granting

       this motion outweighs the best interest of the public and the defendant in a speedy trial, as set out in 18 U.S.C. 3161(h)(8).

6. The ability for counsel to review relevant discovery and raise suppression issues in order to protect a defendant's constitutional rights is in the interest of the defendant, the nation and society in general to ensure that the rights of the defendant are properly protected. As such, a continuance would be proper. *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 913-14 (10th Cir. 1989); *United States v. Medrano*, 2009 WL 4547801, at *2 (10th Cir. Dec. 7, 2009).

7. In the event that trial is continued in this case, the defendant requests that the matter be continued for at least forty five days to allow the parties ample opportunity to attempt to resolve this matter without the need for contested litigation.

8. Counsel has contacted the attorneys for the co defendants and have been advised that they have no objection to the continuance.

9. Counsel has contacted the attorney for the government and has been advised that the attorney for the government objects to the continuance.

       WHEREFORE, the Defendant, Christina Childs, respectfully requests that the trial be continued for a reasonable amount of time to be determined by the court. Counsel requests a continuance of the trial, status conference and motions deadline for a reasonable period under the circumstances.

       Respectfully submitted,
       MAUGHAN& MAUGHAN LC

       By s/ Carl F. A. Maughan
       Carl F.A. Maughan, S.C. #18447
       Carl@mandmattorneys.com
       *Attorney for Christina Childs*

## CERTIFICATE OF SERVICE

      I hereby certify that on the ___28th___ day of May 2010, I electronically filed the above and foregoing Alibi notice with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties with an interest in this case including, but not limited to the following:

    Debra Barnett, Office of the United States Attorney
    [Debra.Barnett@usdoj.gov](mailto:Debra.Barnett@usdoj.gov)
    *Representing Plaintiff, United States of America*

    A copy was mailed by first class mail to Christina Childs

                                  By s/ Carl F. A. Maughan
                                    Carl F.A. Maughan, S.C. #18447
                                    *Attorney for Christina Childs*