

200 West Douglas
Suite 350
Wichita Ks. 67202.
Tel. (316) 264-2023
Fax (316) 264-1919

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 10-10043 |
| ) | |
| Christina Childs, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## SECOND MOTION TO SUPPRESS EVIDENCE

COMES NOW the defendant, Christina Childs, by and through her attorney, Carl F.A. Maughan, and hereby moves the Court for an Order suppressing the following evidence obtained in the above-captioned matter:

A. All physical evidence seized from or 103 W. 30th in which the defendant had a reasonable expectation of privacy on or about March 5, 2010.

B. All evidence obtained as the fruits of the searches and seizure conducted by law enforcement of 103 W. 30th on or about March 5, 2010.

In support of his motion, the defendant alleges as follows:

1

## FACTS

On or about March 5, 2010 law enforcement officers were dispatched to 103 w. 30th St in Wichita Kansas in connection with an audible alarm. Law enforcement officers entered the property without a valid search warrant or consent to enter the property. While inside the property a search was conducted and as a result alleged contraband was located and seized.

## ARGUMENTS AND AUTHORITIES

The evidence which the defendant seeks suppressed was obtained as a result of unreasonable and unconstitutional searches and seizures which infringed upon a reasonable expectations of privacy she has in this property as well as her papers and effects located therein and were undertaken in violation of the defendant's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable governmental intrusion in the following respects:

1. The Fourth Amendment of the United State Constitution provides that "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause supported by oath or affirmation, and particularly describing the places to be searched and the persons or things to be seized."

2. Ms. Childs has an interest in the real property identified above and an expectation of privacy therein.

3. The Government cannot bear its burden of proving the searches of the

   property or the seizure of the items located therein which followed were justified by any recognized exception to the warrant requirements of the Fourth Amendment. *Coolidge v. New Hampshire*, 403 U.S. 443, 29 L.Ed.2d 564, 91 S.Ct. 2022 (1971).

4. Prior to obtaining any search warrant law enforcement entered the property identified above and searched the property. The warrantless entry into the defendant's property was unreasonable under the Fourth Amendment to the U. S. Constitution and Section 15 of the Kansas Bill of Rights. The government cannot bear its burden of proving that a valid exception to the warrant requirements of those constitutional provisions justified this intrusion. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Payton v. New York*, 445 U.S. 573, 63 L.Ed.2d 639, 100 S.Ct. 1371 (1980);

5. It is anticipated that the government will argue that law enforcement had were authorized to enter the property based upon an alleged audible alarm sounding in the property and that a protective sweep was justified. The Government cannot bear its burden of proving, that there was valid exigent circumstances, that would excuse the absence of a warrant prior to entry. In ***Maryland v. Buie, 494 U.S. 325 (1990)*** The United States Supreme Court considered what level of justification is necessary under the 4th and 14th amendments to the Constitution before police officers who were affecting an arrest in a person's home pursuant to an arrest warrant may conduct a warrantless "protective

3

sweep" of the premises. The court's concluded that such a sweep could be justified if:

> "The searching officer possessed a reasonable belief based upon specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the officer in believing that the area swept harbored an individual posing a danger to the officer or others." *id* at 327.

6. In coming to this decision, the court held that a balancing test should be utilized to determine when such a protective sweep would be justified. Under this test the intrusion on the individual's fourth amendment against the government interests. The court further drew an analogy between the protective sweep and the frisk for weapons discussed in ***Terry v. Ohio.*** 392 U.S. 1 (1968), and the search of an Automobile for weapons that might be in the immediate control of the occupants as discussed in ***Michigan v. Long.*** 463 U.S. 1032 (1983). The Court explained that in ***Terry*** and ***Long*** the courts had been concerned with the immediate (emphasis added) interest of the police in assuring themselves that the individual was not armed with or able to gain immediate control over a weapon. ***Buie*** at 333.

In exploring this analogy the Court concluded that any sweep beyond the immediate vicinity of the arrestee" there must be articulable facts which, taken together with the rational inferences from those facts , would warrant a

4

reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene. " *Buie* at 334.

The court then took pains to ensure that the search authorized in *Buie* was different in scope from the search that the court had disapproved of in *Chimel v. Callifornia* 395 U.S. 752 (1969) noting that the protective sweep was far removed from the top to bottom search involved in *Chimel* and "...moreover, it is decidedly not 'automatic' but may be conducted only when justified by a reasonable, articulable suspicion that the house is harboring a person posing a danger to those on the arrest scene." *Buie* at 336.

Similarly, we can assume that a sweep to "secure" evidence or the premises would require a reasonable belief based upon specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the officer in believing that the area swept harbored an individual who was, was about to, or intended to destroy evidence.

7. In the instant case, the police had no articulable facts on which they could base a reasonable and articulable suspicion that the property harbored any individual let alone one who posed an immediate danger to the integrity of any evidence found therein.

8. Justice Stevens commented in his concurring opinion in *Buie* that the sweep must be protective and that the officer must have a reasonable basis for believing that their search will reduce the danger of harm to themselves or of violent interference with their mission. He then pointed out that it would be

5

>    the State's burden to show "...not only that someone in the basement might attack them... but also that it would be safer to go down the stairs instead of simply guarding them from above until the [suspect] had been removed from the house." ***Buie*** Stevens Concurring opinion at 338.
>
> 9. Similarly, the Officers in the instant case bear the burden of showing, not only that they feared that there was someone in the property but that the person might destroy any evidence therein and that any such evidence could not be secured by other means less intrusive than an unwarranted search of the premises.
>
> 10. The officers arrived due to the sounding of an audible alarm.  There had been no call to law enforcement alleging any crime or need for assistance.  Upon arriving at the location it appears that no investigation was conducted to rule out the possibility that the alarm had been set off by error.  Further, based upon the reports received by counsel it appears that there was no apparent sign of any people in the property nor any apparent sign of forced entry.  With apparent evidence of criminal conduct or a person in danger the entry into the property without a search warrant or consent violated the defendant's fourth amendment right to be free from unreasonable searched and seizures.

WHEREFORE, for the reasons set forth herein and in any memorandum of law that may be submitted by counsel and in any argument presented in support of this motion, the defendant prays that the Court issue an order suppressing the aforesaid evidence and any evidence found as

fruits of the illegal searches and seizures; and for such other and further relief as to the Court seems just. Counsel respectfully requests a hearing and oral argument on this motion.

Respectfully submitted,
MAUGHAN& MAUGHAN LC

By s/ Carl F. A. Maughan
Carl F.A. Maughan, S.C. #18447
200 West Douglas, Suite 350
Wichita, Kansas 67202
Telephone:  (316) 264-2023
Facsimile:  (316)  264-1919
Carl@mandmattorneys.com
*Attorney for Christina Childs*

## CERTIFICATE OF SERVICE

I hereby certify that on the ___31st___ day of May, 2010, I electronically filed the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties with an interest in this case including, but not limited to the following:

> Debra Barnett, Office of the United States Attorney
> Debra.Barnett@usdoj.gov
> *Representing Plaintiff, United States of America*

A copy was mailed by first class mail to Christina Childs.

By s/ Carl F. A. Maughan
Carl F.A. Maughan, S.C. #18447
200 West Douglas, Suite 350
Wichita, Kansas 67202
 Telephone:  (316) 264-2023
Facsimile:  (316)  264-1919
Carl@mandmattorneys.com
*Attorney for Defendant*

7