

200 West Douglas
Suite 350
Wichita Ks. 67202.
Tel. (316) 264-2023
Fax (316) 264-1919

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 10-10043 |
| | ) |
| Christina Childs, | ) |
| | ) |
| Defendant. | ) |
| | ) |

THIRD MOTION TO SUPPRESS EVIDENCE

COMES NOW the defendant, Christina Childs, by and through her attorney, Carl F.A. Maughan, and hereby moves the Court for an Order suppressing the following evidence obtained in the above-captioned matter:

A. All physical evidence seized from 119 W. 31st Street South in which the defendant had a reasonable expectation of privacy on or about March 4, 2010.

B. All evidence obtained as the fruits of the searches and seizure conducted by law enforcement of at 119 W. 31st Street South on or about March 4, 2010.

In support of his motion, the defendant alleges as follows:

1

## FACTS

On or about March 4, 2010, law enforcement officers traveled to 119 W. 31st Street South in Wichita Kansas, entered the premises and conducted a search thereof.  The entry into the premises and the search were conducted pursuant to an alleged consent to search given by Jeffrey Childs.  The address listed above was the residence of the defendant at the time of the search.  At a prior time in this investigation, the defendant, Christina Childs had expressed a desire that law enforcement not search her residence without a valid search warrant and had expressed her refusal to give consent to any such search of her property.  This expression of her objection to having law enforcement search her residence was given in August of 2009 while law enforcement officers searched her residence which, at that time, was located on Marlboro in Wichita Kansas.  While the address of her residence had changed, the fact that it was her residence and that she asserted a right to privacy therein had not changed and Ms. Childs had continued to insist upon her right to be free from searches and seizures as early as the day of the defendant's arrest and the subsequent search of her home.

## ARGUMENTS AND AUTHORITIES

The evidence which the defendant seeks suppressed was obtained as a result of unreasonable and unconstitutional searches and seizures which infringed upon any reasonable expectations of privacy in her residence, papers and effects and were undertaken in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable governmental intrusion in the following respects:

1. The Fourth Amendment of the United State Constitution  provides that "The

right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause supported by oath or affirmation, and particularly describing the places to be searched and the persons or things to be seized."

2. The Government cannot bear its burden of proving the searches of the defendant, and the defendant's residence and other property or the seizure of the defendant and the items located in her residence which followed were justified by any recognized exception to the warrant requirements of the Fourth Amendment. *Coolidge v. New Hampshire*, 403 U.S. 443, 29 L.Ed.2d 564, 91 S.Ct. 2022 (1971).

3. Prior to obtaining any search warrant law enforcement entered Ms. Childs home without a warrant a searched the residence, ostensibly for other individuals. The warrantless entry into the defendant's property was unreasonable under the Fourth Amendment to the U. S. Constitution and Section 15 of the Kansas Bill of Rights. The government cannot bear its burden of proving that a valid exception to the warrant requirements of those constitutional provisions justified this intrusion. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Payton v. New York*, 445 U.S. 573, 63 L.Ed.2d 639, 100 S.Ct. 1371 (1980);

4. The Government cannot bear its burden of proving, that any alleged consent to enter the property was given freely, intelligently and voluntarily.

Moreover, While the search may have been conducted pursuant to alleged consent given by Mr. Jeffrey childs, the government will be unable to bear their burden of showing that the defendant consented to any search. Specifically, the defendant had expressly objected to the search of her residence.  Law enforcement officers were well aware of the objection asserted by Ms. Childs and had no reason to believe that she had changed her mind or, in any way consented to or acquiesced in the search of her residence. As such, the reliance upon Mr. Childs consent was misplaced and the entry into the house violated Ms. Childs fourth amendment rights.  ***Georgia v. Randolph***, 547 U.S. 103. (2006).

 WHEREFORE, for the reasons set forth herein and in any memorandum of law that may be submitted by counsel and in any argument presented in support of this motion, the defendant prays that the Court issue an order suppressing the aforesaid evidence  and any evidence found as fruits of the illegal searches and seizures; and for such other and further relief as to the Court seems just. Counsel respectfully requests a hearing and oral argument on this motion.

> Respectfully submitted,
> MAUGHAN& MAUGHAN LC
>
> <u>By s/ Carl F. A. Maughan</u>
> Carl F.A. Maughan, S.C. #18447
> 200 West Douglas, Suite 350
> Wichita, Kansas 67202
> Telephone:  (316) 264-2023
> Facsimile:  (316)  264-1919
> Carl@mandmattorneys.com
> *Attorney for Christina Childs*

4

## CERTIFICATE OF SERVICE

      I hereby certify that on the 31st day of May, 2010, I electronically filed the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties with an interest in this case including, but not limited to the following:

    Debra Barnett, Office of the United States Attorney
    Debra.Barnett@usdoj.gov
    *Representing Plaintiff, United States of America*

    A copy was mailed by first class mail to Christina Childs.

                              By s/ Carl F. A. Maughan
                              Carl F.A. Maughan, S.C. #18447
                              200 West Douglas, Suite 350
                              Wichita, Kansas 67202
                              Telephone:  (316) 264-2023
                              Facsimile:  (316)  264-1919
                              Carl@mandmattorneys.com
                              *Attorney for Defendant*