FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

'10 SEP -7 A11 :00

CLERK, U.S. DISTRICT COURT
DEPUTY CLERK
AT WICHITA, KS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Wichita Docket)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | No.  10-10043-03-JTM |
| | } | |
| RONALD CHILDS, | } | |
| | } | |
| Defendant. | } | |

## PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)

The United States of America, by Debra L. Barnett, Assistant U.S. Attorney, and

Ronald Childs, the defendant, personally and by and through his attorney, David Freund,

Assistant Federal Public Defender, hereby enter into the following plea agreement pursuant

to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1.     **Defendant's Guilty Plea.**   If the Court permits, the defendant agrees to plead

guilty to Count 1 of the Information, which charge violations of Title 21, United States Code,

§§ 841, that is, possession with intent to distribute marijuana (unspecified amount).  By

entering into this plea agreement, the defendant admits to knowingly committing this offense,

and to being guilty of this offense.  The defendant understands that the maximum sentence

which may be imposed as to Count 1 of the Information to which the defendant has agreed

to plead guilty is not more than 5 years, a $250,000.00 fine, two years of supervised release,

and a $100.00 mandatory special assessment.  The United States agrees to move to dismiss

the charges pending against defendant Childs in the Indictment at the time of sentencing.

2.    **Factual Basis for the Guilty Plea.**    The parties agree the facts constituting

the offense to which the defendant is pleading guilty are as follows:

> On August 12, 2009, Wichita Police Department (WPD) officers
> heard shots fired in the area of 30th and McLean Streets in
> Wichita, Kansas. Soon thereafter, dispatch advised officers of
> a possible shooting at 1001 W. Marlboro in Wichita, Kansas.
> WPD Officers proceeded to the area. They found that the
> Marlboro residence and its occupants, defendants Jeffrey Childs
> and Christina Childs, had been shot.
>
> During a search of the residence, officers found drugs and guns.
> The search of this residence lead the police to obtain a federal
> search warrant for the residence/business located at 3214 S.
> Water in Wichita, Kansas, where defendant Ronald Childs lived.
> At this location, the police found marijuana and other controlled
> substances. In addition, at the 3214 S. Water location, officers
> found welded metal containers placed in car tires with drugs
> packed inside. These containers were in the process of being
> unpacked.
>
> The defendant, Ronald Childs, admits that he knew that there
> was marijuana at the 3214 S. Water location because he assisted
> his son and co-defendant, Jeffrey Childs, in removing marijuana
> from the welded metal containers place in car tires. The
> defendant not only knew that the marijuana was present in his
> home and gargage at the Water address, but he knew that co-
> defendant Jeffrey Childs sold drugs and distributed drugs from
> both locations.
>
> The defendant admits that the property located at 1001 Marlboro
> and 3214 S. Water, Wichita, Kansas, was used to facilitate the
> commission of drug trafficking crimes. The defendant has a
> financial interest in both properties but agrees that this shall be
> forfeited since he used the Water property, and agreed to allow
> the Marlboro property to be used for the distribution of
> controlled substances.

2

3.      **Proposed (c)(1)(C) Sentence.**   The parties propose, as an appropriate disposition of the case, a sentence of 42 months in prison on the 21 U.S.C. § 841 count; two years of supervised release; no fine; and the mandatory special assessment of $100.00 to be paid during the defendant's incarceration.  The parties seek this binding plea agreement as an appropriate disposition of the case because it brings certainty to the sentencing process and assures that the defendant and the government will benefit from the bargain they have struck if the Court permits itself to be bound by the proposed sentence; the interests of justice are served by the sentence, thereby assuring that the sentence is consistent with the sentencing factors of 18 U.S.C. § 3553(a); and if the Court does not agree with the sentence, the parties may be restored to the positions they maintained prior to reaching this plea agreement.  This agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, CJA, probation office, U.S. Marshals Service and other law enforcement resources.

4.      **Application of the Sentencing Guidelines.**  The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5.      **Government's Additional Agreement .**   In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas also agrees

3

to not file any additional charges against the defendant arising out of the facts forming the basis for the Indictment.

6.      **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

7.      **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.**   On the other hand, if the Court agrees to be bound by proposed plea agreement and accepts the defendant's plea of guilty, the defendant will not be permitted to withdraw it.  Only if the Court rejects the proposed plea agreement will the defendant be permitted to withdraw his guilty plea.

8.      **Payment of Special Assessment.**      The defendant understands that a mandatory special assessment of $100.00 will be entered against the defendant at the time of sentencing.  The parties acknowledge the defendant is without adequate resources to pay the special assessment at the time of sentencing and agree to recommend that the Court order payment to occur during the defendant's period of incarceration.

9.      **Waiver of Appeal and Collateral Attack.**   The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release.  The defendant is aware that

4

Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

10. **Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

11.   **Full Disclosure by United States.**      The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case.   This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities.   The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty.   The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies.   The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement.   The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

12.   **Parties to the Agreement.**   The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

13.   **Identification of Assets & Agreement Concerning Monetary Penalties**: The defendant agrees to cooperate fully with the United States Attorneys Office and specifically:

A) Provide a financial statement on a form approved by the USAO that discloses all assets in which defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party, as well

as any transfer of assets that has taken place within 3 years preceding the entry of this plea agreement.

B) Submit to an examination, which may be taken under oath and may include a polygraph examination.

C) Acknowledges that any waivers, consents, or releases signed by the defendant for purposes of the Presentence Investigation Report extends to the USAO.

D) Will not encumber, transfer, or dispose of any monies, property or assets under his custody or control, without written approval from the USAO.

E) The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.  If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

F) The defendant authorizes the U.S. District Court to release the funds posted as security for his appearance bond in this case to be applied to satisfy the financial obligations of the defendant, pursuant to the judgment of the Court.

G) The defendant waives any requirement for demand of payment on any fine, restitution, or assessment the District Court announces on the record the day of sentencing.

14. **Forfeiture of Assets.** The defendant pleads guilty to and agrees not to contest the criminal forfeiture allegations, and in so doing, defendant forfeits all right, title and interest in the property listed in this paragraph. Defendant acknowledges that the following real property was property involved in and used to facilitate Count 1 of the Information, (or represents proceeds derived from the criminal violations set out in Count 1, is property involved in money laundering violations, or are substitute assets), and therefore is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853:

a. One parcel of property commonly referred to as 3214 S. Water, Wichita, Kansas; with a legal description of the south 100 feet of Lot 5, Pioneer Addition, Wichita, Sedgwick County, Kansas;

b. One parcel of property commonly referred to as 1001 W. Marlboro, Wichita, Kansas; with a legal description of Lot 6, except the south 137.5 feet, except the north 10 feet for street, Robson Heights 2nd Addition, Wichita, Sedgwick County, Kansas;

c. One parcel of property commonly referred to as 471 Sportsman Lane, Fredonia, Kansas; with a legal description of Lots 471, 472, 473, 474, 475 and 476 in Lakeside Private Lodge Inc. a subdivision in Wilson County, Kansas.

[PAGE INTENTIONALLY SHORT]

Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the real property listed above. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture in any proceeding. Defendant acknowledges and agrees that the forfeiture of the property described herein shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture. Defendant agrees to the forfeiture freely, voluntarily, knowingly and intelligently waives any right to collaterally attack any matter in connection with this prosecution and sentence, including the forfeiture of assets.

Defendant agrees to the immediate entry of the preliminary order of forfeiture. Defendant agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession in the property identified herein to the United States. Defendant agrees not to file a claim to any of the listed property in any forfeiture proceeding, whether it be an administrative, civil or criminal proceeding, which may be initiated, and further agrees to waive his right to notice of any forfeiture proceeding involving the property identified herein.

15.     **No Other Agreements.**   The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has had the plea agreement read to him, understands it and

9

agrees it is true and accurate and not the result of any threats, duress or coercion. The

defendant further understands that this plea agreement supersedes any and all other

agreements or negotiations between the parties, and that this agreement embodies each and

every term of the agreement between the parties. The defendant acknowledges that the

defendant is entering into this agreement and is pleading guilty because the defendant is

guilty and is doing so freely and voluntarily.

Date: 7/21/10

Debra L. Barnett
Assistant U.S. Attorney
301 N. Main, Suite 1200
Wichita, Kansas   67202
(316) 269-6481
Kan. Sup. Ct. No. 12729

Date: 7/22/10

David Lind
Criminal Supervisor

Date: 7/23/10

Lanny D. Welch
United States Attorney

Date: 9/7/10

Ronald Childs
Defendant

Date: 7 September 2010

David Freund
Assistant Federal Public Defender
Federal Public Defender's Office
301 N. Main, Suite 850
Wichita, Kansas 67202

11